**GERAGOS & GERAGOS**
A Professional Corporation, Lawyers
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (213) 625-3900
Facsimile (213) 232-3255
Ben J. Meiselas (SBN 277412)
Zack V. Muljat (SBN 304531)
Eric Y. Hahn (SBN 311771)
Ellin Gurvitch (SBN 313245)

**ERIKSON LAW GROUP**
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: (323) 465-3100
Facsimile: (323) 465-3177
David Alden Erikson (SBN 189838)
Antoinette Waller (SBN 152895)
S. Ryan Patterson (SBN 279474)

Attorneys for Plaintiff JOHN DOE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>FLAVA WORKS, INC., an Illinois corporation; and ROES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff John Doe[1] hereby complains against Defendant Flava Works, Inc. ("Flava Works") and Roes 1-10 inclusive, (collectively referred to as "Defendant") as follows.

## SUMMARY OF THE CASE

1. Defendant Flava Works operates pornographic websites for gay men. Capitalizing on the social stigma of its own product, Flava Works has apparently discovered a lucrative side business: extorting money from former subscribers by threatening to expose them as consumers of gay porn.

2. To lend an air of legitimacy, Defendant's extortion takes the form of a threatened lawsuit. Flava Works begins by privately accusing its victim of illegally sharing content on the internet—without regard to whether such accusation is true—and then threatens to file a public lawsuit unless the victim pays a "settlement." Even if the accusation is false, most users reluctantly pay rather than be outed in court documents as a gay porn user—especially if the victim has chosen to keep his sexual orientation private.

3. Defendant is now trying to blackmail Plaintiff in just this manner. In early June, Plaintiff was shocked to receive a letter from Phillip Bleicher, Defendant's CEO, falsely claiming that "Flava Works is aware that you have been 'pirating' the content from its website(s) for your own personal financial benefit." Aware that Plaintiff is a prominent public figure, Bleicher explained that Plaintiff could avoid a public lawsuit only by paying $97,000, an amount that would increase to $525,000 if not surrendered quickly. Bleicher was not subtle about the purpose of the payment being to avoid public humiliation, explaining that "[I]f you act promptly you will avoid being named as a Defendant in a lawsuit."

---

[1] Concurrently with this Complaint, Plaintiff has filed an ex parte application for an order allowing him to maintain this action under the pseudonym John Doe (with full disclosure of his identity to Defendant and to the Court). The requested order also requires Defendant to name Plaintiff under his pseudonym in any counterclaim or new action it may file.

4. When payment was not forthcoming, Bleicher's threats became more brazen. On July 6, 2017, he noted Plaintiff was an "entertainment industry" figure, and specifically threatened to issue a press release trumpeting the allegations. He again offered one last chance to settle the matter, generously indicating "I will hold off on a press release for the time being." On July 27, 2017, Bleicher (now through counsel) increased his demand to $150,000, unabashedly justifying the figure with reference to Plaintiff's "status, his career and his wealth."

5. Defendant's demand for hush money is nothing more than a cynical attempt to extort Plaintiff by threatening to expose him as a consumer of gay adult content. Rather than submit to such demands, Plaintiff asks the Court for leave to defend himself under a fictitious name, and seeks a judicial declaration that he has not committed copyright infringement in that (a) the factual predicate of Defendant's claim is false because Plaintiff did not perform the alleged acts; (b) Plaintiff has a complete affirmative defense to Defendant's threatened copyright infringement claim under the doctrine of "copyright misuse;" and (c) Plaintiff has a complete affirmative defense to Defendant's threatened claims under the doctrine of unclean hands.

## JURISDICTION AND VENUE

6. This is an action for declaratory judgment arising under (i) the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"); and (ii) 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure. Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has diversity jurisdiction over this action based upon 28 U.S.C. § 1332 in that there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in the Central

District of California as Defendants: (a) are or claim to be authorized to conduct business in this District and have intentionally availed themselves to the laws within this District; (b) currently do substantial business in this District; and (c) are subject to personal jurisdiction in this District.

## THE PARTIES

8. At all times relevant to this action, Plaintiff John Doe was a resident of Los Angeles County, California.

9. Plaintiff is informed and believes and thereon alleges that, at all times relevant to this action, Defendant Flava Works, Inc. ("Flava Works") was a business entity incorporated under the laws of the State of Illinois.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as ROES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as ROES is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as ROES when the same have been fully ascertained.

11. Plaintiff is informed and believes, and based thereon alleges that, at all times mentioned herein, each of the Defendants was the agent, servant, employee, co-venturer, and co-conspirator of each of the remaining Defendants, and was at all times herein mentioned acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of and for such agency, employment, joint venture and conspiracy.

# FACTUAL BACKGROUND

## A. Defendant's Pattern of Extortion

12. Phillip Bleicher ("Bleicher") is CEO of Defendant Flava Works, and has served in that capacity since 1999.

13. Flava Works is a largely subscription-based adult entertainment company that specializes in ethnic gay adult content. It's business activities, as well as the wrongful conduct alleged herein, are directed at California and this district.

14. To access certain content on the Flava Works websites, users must register for and/or subscribe to a paid membership, which requires subscribers to supply their personal information. While users are free to use something other than their real names, full identifying information must be supplied to facilitate the requisite credit card payment.

15. Upon information and belief, Defendant has, for more than a decade, engaged in a pattern of extortion against subscribers of Flava Works' websites, as described above. Public court records reveal that Defendant has filed a number of such boilerplate lawsuits (including lawsuits against hundreds of Doe defendants at one time); and it stands to reason that far more privately threatened lawsuits never materialized because the defendant simply pays up (i.e. because the extortion is successful). This manner of using the courts as a safe place to extort, given the benefits of the litigation privilege, is not something that is practiced only by Defendant. In 2013, Judge Wright of this district explained how the business model works:

> Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry." [Ingenuity 13, LLC v. John Doe, Case No. 2:12-cv-8333-ODW(JCx), May 6, 2013 Order Issuing Sanctions.]

16. Upon information and belief, Defendant targets its users by using the personal information those subscribers provided in good faith to access and pay for Flava Works' content. Upon information and belief, after choosing its victims, Defendant sends boilerplate "cease and desist" letters demanding arbitrary amounts of money while wrongly accusing unsuspecting subscribers of purportedly downloading and/or uploading Flava Works' content through BitTorrent websites and webforums.

17. Upon information and belief, over the years of litigation initiated by Defendant against its purported customers, Defendant has never made any contested evidentiary showing of infringement, let alone willful infringement. Rather, knowing that these cases involve pornographic media that may be embarrassing to its subscribers should their activity on Defendant's websites become public, Defendant attempts to shake down these individuals into settling with Flava Works.

18. Defendant's coercive tactics, designed to shame its customers into settling for significant amounts, include threats of exposing its subscribers through "press releases" and federal lawsuits, as Defendant is doing to Plaintiff in the present case.

**B.    Defendant's Attempt to Extort Plaintiff**

19. Plaintiff is a prominent public figure and leader in the LGBT community.

20. On June 6, 2017, Bleicher, while acting in his capacity as CEO for Flava Works, sent a "Settlement Demand and Cease and Desist" email to Plaintiff, without prior warning, accusing Plaintiff of pirating pornography, and demanding that Plaintiff pay $97,000. If the money was not paid within ten days, Bleicher warned, Defendant would initiate litigation against Plaintiff, publically accusing him of being a consumer and pirate of copyrighted gay adult entertainment. Defendant Bleicher further warned that after the ten-day deadline, Defendant's settlement demand would balloon to $525,000.00.

21. On June 7, 2017, Bleicher sent Plaintiff another email, in which he stated that he had not yet "assigned this to an attorney," as he was still "willing to work with [Plaintiff] one on one." Bleicher again threatened that if Plaintiff did not agree to a "settlement" by the next week, Defendant would file a federal lawsuit against him, thereby exposing him publicly.

22. On July 6, 2017, Bleicher sent another email to Plaintiff, in which Bleicher alluded to Plaintiff's high-profile status, and to the potential publicity that a lawsuit would bring. In this email, Bleicher specifically threatened to issue a press release, publicly announcing Defendant's intent to sue Plaintiff for allegedly pirating copyrighted gay adult content ("you can't force me from announcing our intent to sue him if we so choose to do so. And once we get our complaint filed - it will be a matter of public record anyway. However, I will hold off on a press release for the time being.").

23. In these emails, Defendant asserts, without foundation or basis, that Plaintiff has uploaded Defendant's copyrighted videos to various BitTorrent websites, and webforums, thereby allowing other internet users to freely download Defendant's videos. That accusation is false. The misconduct alleged by Flava Works is pure pretense: a false premise upon which to threaten a lawsuit.

24. Along with his demand letter, Bleicher sent Plaintiff 85 pages of materials that Defendant claims prove the alleged infringement. But they do no such thing. The materials do not reveal or expose infringement of any sort. Defendant's real purpose in sending this "proof" was to demonstrate just how humiliating it would be to defend against Flava Works' scurrilous charges. Defendant's materials consist largely of screenshots of extremely graphic images of pornography, which Defendant *implies* that Plaintiff has viewed—but which are completely irrelevant given that they are not Flava Works content. Nevertheless, Bleicher assured Plaintiff that these materials would all be included in a publicly filed lawsuit if he refused to accede to Defendant's payment demands.

25. Moreover, the money amount demanded by Defendant for the purported "infringement" is completely arbitrary, evidenced by the existence of another, almost identical demand letter Defendant sent to another one of its subscribers for the same alleged BitTorrent-related conduct, where Defendant demanded only $3,500. Notably, the content of Defendant's email communication evidences their knowledge that Plaintiff is a high-profile individual and provides context for their exorbitant demands in the present case. Indeed, Defendant acknowledges that Plaintiff's wealth and profile are the reason for its excessive demand.

26. Defendant's conduct towards Plaintiff constitutes criminal extortion as a matter of law. More specifically, Defendant, with intent to extort money, sent Plaintiff letters and emails expressing and implying a threat to accuse Plaintiff of a crime.

27. Defendant's actions described above are also wrongful in that they constitute the misuse and unauthorized use of Plaintiff's and others' confidential information provided for the purpose of making a credit card payment.

28. Defendant Flava Works' bad faith actions have been explicitly recognized by the judicial branch. In 2013, finding that Flava Works had made numerous misrepresentations to the Court, including submitting a forged document as evidence, United States District Judge Milton I. Shadur held that Flava Works had committed "the most egregious fraud on the court that this Court has encountered in its nearly 33 years on the bench." (*Flava Works, Inc. v. Momient*, 2013 WL 1629428).

## FIRST CLAIM FOR RELIEF

(Declaratory Relief)

29. Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

30. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant relating to Plaintiff's non-infringement of Flava Works' copyrights, as set forth above. Defendant contends, without justification, that Plaintiff has infringed one or more copyrights allegedly held by Flava Works by uploading Defendant's copyrighted material to a BitTorrent website. Based on such allegations of infringement, Defendant has threatened to file a lawsuit against Plaintiff under the Copyright Act. Plaintiff denies, in full, any such purported infringement.

31. More specifically, Plaintiff contends that he has not infringed Flava Works' copyrights as alleged, for reasons including (a) that the factual predicate of Defendant's claim is false because Plaintiff did not perform the acts alleged by Defendant; (b) Plaintiff has a complete affirmative defense to Defendant's threatened copyright infringement claim under the doctrine of "copyright misuse," as explained below; and (c) Plaintiff has a complete affirmative defense to Defendant's threatened claims under the doctrine of unclean hands.

32. With regard to his affirmative defense of copyright misuse, Plaintiff asserts that the copyright infringement claims threatened by Defendant necessarily fail because they contravene the public policies grounding copyright law, in that Defendant has engaged in a pattern of extortion and harassment against others, including their own subscribers (and specifically Plaintiff), as described above.

33. With regard to his affirmative defense of unclean hands, Plaintiff asserts that the copyright infringement claims threatened by Defendant necessarily fail because Defendant has asserted purported copyrights and alleged infringement of such copyrights, not for the purpose of protecting Defendant's intellectual property, but as a means of harassing and extorting Plaintiff, invading Plaintiff's privacy and improperly using Plaintiff's confidential information, obtained by Defendant through operation of the Flava Works websites. Further, as alleged

above, Defendant's conduct is inequitable and such conduct relates to the subject matter of the Defendant's claims of infringement.

34. Accordingly, Plaintiff is entitled to a judicial declaration of non-infringement, and a finding that he is not liable for infringing any valid copyright owned by Flava Works, either directly or by inducing others to infringe or by contributing to infringement by others. Plaintiff requests that this Court determine and adjudge that Plaintiff has not infringed any copyrighted material of Defendant.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For a judicial declaration that Plaintiff has not infringed Defendant's copyrights, as alleged by Defendant.
2. For attorneys' fees as may be appropriate; and
3. For further relief, as the Court may deem just.

DATED: August 3, 2017         GERAGOS & GERGAGOS, APC

By:   /s/
BEN J. MEISELAS
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff JOHN DOE hereby demands a jury trial.

DATED: August 3, 2017         GERAGOS & GERGAGOS, APC


By:    /s/
BEN J. MEISELAS
Attorneys for Plaintiff