**GERAGOS & GERAGOS**
A Professional Corporation, Lawyers
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017-3411
Telephone: (213) 625-3900
Facsimile (213) 232-3255
Ben J. Meiselas (SBN 277412)
Zack V. Muljat (SBN 304531)
Eric Y. Hahn (SBN 311771)
Ellin Gurvitch (SBN 313245)

**ERIKSON LAW GROUP**
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: (323) 465-3100
Facsimile: (323) 465-3177
David Alden Erikson (SBN 189838)
Antoinette Waller (SBN 152895)
S. Ryan Patterson (SBN 279474)

Attorneys for Plaintiff MARC JURIS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC JURIS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>FLAVA WORKS, INC., an Illinois corporation; PHILLIP BLEICHER, an individual; and ROES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-06053-GW-PJW<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF, DEFAMATION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marc Juris, previously identified as John Doe, hereby complains against Defendant Flava Works, Inc. ("Flava Works"), Phillip Bleicher ("Bleicher") and Roes 1-10 inclusive, (collectively referred to as "Defendants") as follows.

## SUMMARY OF THE CASE

1. Defendant Flava Works operates pornographic websites for gay men. Capitalizing on the social stigma of its own product, Flava Works has apparently discovered a lucrative side business: extorting money from former subscribers by threatening to expose them as consumers of gay porn.

2. To lend an air of legitimacy, Defendants' extortion takes the form of a threatened lawsuit. Flava Works begins by privately accusing its victim of illegally sharing content on the internet—without regard to whether such accusation is true—and then threatens to file a public lawsuit unless the victim pays a "settlement." Even if the accusation is false, most users reluctantly pay rather than be outed in court documents as a gay porn user—especially if the victim has chosen to keep his sexual orientation private.

3. Defendants are now trying to blackmail Plaintiff in just this manner. In early June, Plaintiff was shocked to receive a letter from Phillip Bleicher, Defendants' CEO, falsely claiming that "Flava Works is aware that you have been 'pirating' the content from its website(s) for your own personal financial benefit." Aware that Plaintiff is a prominent public figure, Bleicher explained that Plaintiff could avoid a public lawsuit only by paying $97,000, an amount that would increase to $525,000 if not surrendered quickly. Bleicher was not subtle about the purpose of the payment being to avoid public humiliation, explaining that "[I]f you act promptly you will avoid being named as a Defendant in a lawsuit."

4. When payment was not forthcoming, Bleicher's threats became more brazen. On July 6, 2017, he noted Plaintiff was an "entertainment industry" figure, and specifically threatened to issue a press release trumpeting the allegations. He again offered one last chance to settle the matter, generously indicating "I will hold

1  off on a press release for the time being." On July 27, 2017, Bleicher (now through
2  counsel) increased his demand to $150,000, unabashedly justifying the figure with
3  reference to Plaintiff's "status, his career and his wealth."

4     5.   Defendants' demand for hush money is nothing more than a cynical
5  attempt to extort Plaintiff by threatening to expose him as a consumer of gay adult
6  content. Rather than submit to such demands, Plaintiff seeks a judicial declaration
7  that he has not committed copyright infringement in that (a) the factual predicate of
8  Defendants' claim is false because Plaintiff did not perform the alleged acts; (b)
9  Plaintiff has a complete affirmative defense to Defendants' threatened copyright
10 infringement claim under the doctrine of "copyright misuse;" and (c) Plaintiff has a
11 complete affirmative defense to Defendants' threatened claims under the doctrine of
12 unclean hands.

## JURISDICTION AND VENUE

14    6.   This is an action for declaratory judgment arising under (i) the
15 United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act");
16 and (ii) 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of
17 Civil Procedure. Thus, this Court has original jurisdiction over the subject matter of
18 this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has diversity
19 jurisdiction over this action based upon 28 U.S.C. § 1332 in that there is complete
20 diversity between Plaintiff and Defendants and the amount in controversy exceeds
21 $75,000.00, exclusive of interest and costs. In addition, this Court has supplemental
22 jurisdiction pursuant to Title 28 U.S.C. § 1367 to hear and determine Plaintiff's state
23 law claims because those claims are related to Plaintiff's federal claims and arise out
24 of a common nucleus of operative facts and form part of the same case or
25 controversy under Article III of the United States Constitution.

26    7.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a
27 substantial part of the events giving rise to Plaintiff's claims occurred in the Central
28 District of California as Defendants: (a) are or claim to be authorized to conduct

business in this District and have intentionally availed themselves to the laws within this District; (b) currently do substantial business in this District; and (c) are subject to personal jurisdiction in this District.

## THE PARTIES

8. At all times relevant to this action, Plaintiff Marc Juris was a resident of Los Angeles County, California.

9. Plaintiff is informed and believes and thereon alleges that, at all times relevant to this action, Defendant Flava Works, Inc. ("Flava Works") was a business entity incorporated under the laws of the State of Illinois.

10. Plaintiff is informed and believes and thereon alleges that, at all times relevant to this action, Defendant Phillip Bleicher was a resident of Cook County, Illinois.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as ROES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as ROES is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as ROES when the same have been fully ascertained.

12. Plaintiff is informed and believes, and based thereon alleges that, at all times mentioned herein, each of the Defendants was the agent, servant, employee, co-venturer, and co-conspirator of each of the remaining Defendants, and was at all times herein mentioned acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of and for such agency, employment, joint venture and conspiracy. Each defendant is the alter ego of the other defendants.

**FACTUAL BACKGROUND**

**A.  Defendants' Pattern of Extortion**

13.  Phillip Bleicher ("Bleicher") is the CEO of Defendant Flava Works, and has served in that capacity since 1999.

14.  Flava Works is a largely subscription-based adult entertainment company that specializes in ethnic gay adult content. It's business activities, as well as the wrongful conduct alleged herein, are directed at California and this district.

15.  To access certain content on the Flava Works websites, users must register for and/or subscribe to a paid membership, which requires subscribers to supply their personal information. While users are free to use something other than their real names, full identifying information must be supplied to facilitate the requisite credit card payment.

16.  Upon information and belief, Defendants have, for more than a decade, engaged in a pattern of extortion against subscribers of Flava Works' websites, as described above. Public court records reveal that Defendants have filed a number of such boilerplate lawsuits (including lawsuits against hundreds of Doe defendants at one time); and it stands to reason that far more privately threatened lawsuits never materialized because the defendant simply pays up (i.e. because the extortion is successful). This manner of using the courts as a safe place to extort, given the benefits of the litigation privilege, is not something that is practiced only by Defendants. In 2013, Judge Wright of this district explained how the business model works:

> Plaintiffs have outmaneuvered the legal system. They've discovered the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle—for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry." [Ingenuity 13, LLC v. John Doe, Case No. 2:12-cv-8333-ODW(JCx), May 6, 2013 Order Issuing Sanctions.]

17. Upon information and belief, Defendants target Flava Works' users by using the personal information those subscribers provided in good faith to access and pay for Flava Works' content. Upon information and belief, after choosing its victims, Defendants send boilerplate "cease and desist" letters demanding arbitrary amounts of money while wrongly accusing unsuspecting subscribers of purportedly downloading and/or uploading Flava Works' content through BitTorrent websites and webforums.

18. Upon information and belief, over the years of litigation initiated by Defendants against their purported customers, Defendants have never made any contested evidentiary showing of infringement, let alone willful infringement. Rather, knowing that these cases involve pornographic media that may be embarrassing to its subscribers should their activity on Defendants' websites become public, Defendants attempt to shake down these individuals into settling with Flava Works.

19. Defendants' coercive tactics, designed to shame its customers into settling for significant amounts, include threats of exposing its subscribers through "press releases" and federal lawsuits, as Defendants are doing to Plaintiff in the present case.

**B.    Defendants' Attempt to Extort Plaintiff**

20. Plaintiff is a prominent public figure and leader in the LGBT community.

21. On June 6, 2017, Bleicher, while acting in his capacity as CEO for Flava Works, sent a "Settlement Demand and Cease and Desist" email to Plaintiff, without prior warning, accusing Plaintiff of pirating pornography, and demanding that Plaintiff pay $97,000. If the money was not paid within ten days, Bleicher warned, Defendants would initiate litigation against Plaintiff, publically accusing him of being a consumer and pirate of copyrighted gay adult entertainment.

Defendant Bleicher further warned that after the ten-day deadline, Defendants' settlement demand would balloon to $525,000.00.

22. On June 7, 2017, Bleicher sent Plaintiff another email, in which he stated that he had not yet "assigned this to an attorney," as he was still "willing to work with [Plaintiff] one on one." Bleicher again threatened that if Plaintiff did not agree to a "settlement" by the next week, Defendants would file a federal lawsuit against him, thereby exposing him publicly.

23. On July 6, 2017, Bleicher sent another email to Plaintiff, in which Bleicher alluded to Plaintiff's high-profile status, and to the potential publicity that a lawsuit would bring. In this email, Bleicher specifically threatened to issue a press release, publicly announcing Defendants' intent to sue Plaintiff for allegedly pirating copyrighted gay adult content ("you can't force me from announcing our intent to sue him if we so choose to do so. And once we get our complaint filed - it will be a matter of public record anyway. However, I will hold off on a press release for the time being.").

24. In these emails, Defendants assert, without foundation or basis, that Plaintiff has uploaded Defendants' copyrighted videos to various BitTorrent websites, and webforums, thereby allowing other internet users to freely download Defendants' videos. That accusation is false. The misconduct alleged by Flava Works is pure pretense: a false premise upon which to threaten a lawsuit.

25. Along with his demand letter, Bleicher sent Plaintiff 85 pages of materials that Defendants claim prove the alleged infringement. But they do no such thing. The materials do not reveal or expose infringement of any sort. Defendants' real purpose in sending this "proof" was to demonstrate just how humiliating it would be to defend against Flava Works' false and scurrilous charges. Defendants' materials consist largely of screenshots of extremely graphic images of pornography, which Defendants *imply* that Plaintiff has viewed—but which are completely irrelevant given that they are not Flava Works content. Nevertheless,

Bleicher assured Plaintiff that these materials would all be included in a publicly filed lawsuit if he refused to accede to Defendants' payment demands.

26. Moreover, the money amount demanded by Defendants for the purported "infringement" is completely arbitrary, evidenced by the existence of another, almost identical demand letter Defendants sent to another one of their subscribers for the same alleged BitTorrent-related conduct, where Defendants demanded only $3,500. Notably, the content of Defendants' email communication evidences their knowledge that Plaintiff is a high-profile individual and provides context for their exorbitant demands in the present case. Indeed, Defendants acknowledge that Plaintiff's wealth and profile are the reason for its excessive demand.

27. Defendants' conduct towards Plaintiff constitutes criminal extortion as a matter of law. More specifically, Defendants, with intent to extort money, sent Plaintiff letters and emails expressing and implying a threat to accuse Plaintiff of a crime.

28. Defendants' actions described above are also wrongful in that they constitute the misuse and unauthorized use of Plaintiff's and others' confidential information provided for the purpose of making a credit card payment.

29. Defendant Flava Works' bad faith actions have been explicitly recognized by the judicial branch. In 2013, finding that Flava Works had made numerous misrepresentations to the Court, including submitting a forged document as evidence, United States District Judge Milton I. Shadur held that Flava Works had committed "the most egregious fraud on the court that this Court has encountered in its nearly 33 years on the bench." (*Flava Works, Inc. v. Momient*, 2013 WL 1629428).

## FIRST CLAIM FOR RELIEF

(Declaratory Relief)

30. Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

31. An actual, continuing and justiciable controversy exists between Plaintiff and Defendants relating to Plaintiff's non-infringement of Flava Works' copyrights, as set forth above. Defendants contend, without justification, that Plaintiff has infringed one or more copyrights allegedly held by Flava Works by uploading Defendants' copyrighted material to a BitTorrent website. Based on such allegations of infringement, Defendants have threatened to file a lawsuit against Plaintiff under the Copyright Act. Plaintiff denies, in full, any such purported infringement.

32. More specifically, Plaintiff contends that he has not infringed Flava Works' copyrights as alleged, for reasons including (a) that the factual predicate of Defendants' claim is false because Plaintiff did not perform the acts alleged by Defendants; (b) Plaintiff has a complete affirmative defense to Defendants' threatened copyright infringement claim under the doctrine of "copyright misuse," as explained below; and (c) Plaintiff has a complete affirmative defense to Defendants' threatened claims under the doctrine of unclean hands.

33. With regard to his affirmative defense of copyright misuse, Plaintiff asserts that the copyright infringement claims threatened by Defendants necessarily fail because they contravene the public policies grounding copyright law, in that Defendants have engaged in a pattern of extortion and harassment against others, including their own subscribers (and specifically Plaintiff), as described above.

34. With regard to his affirmative defense of unclean hands, Plaintiff asserts that the copyright infringement claims threatened by Defendants necessarily fail because  Defendants have asserted purported copyrights and alleged infringement of such copyrights, not for the purpose of protecting Defendants'

intellectual property, but as a means of harassing and extorting Plaintiff, invading Plaintiff's privacy and improperly using Plaintiff's confidential information, obtained by Defendants through operation of the Flava Works websites. Further, as alleged above, Defendants' conduct is inequitable and such conduct relates to the subject matter of the Defendants' claims of infringement.

35. Accordingly, Plaintiff is entitled to a judicial declaration of non-infringement, and a finding that he is not liable for infringing any valid copyright owned by Flava Works, either directly or by inducing others to infringe or by contributing to infringement by others. Plaintiff requests that this Court determine and adjudge that Plaintiff has not infringed any copyrighted material of Defendants.

## SECOND CLAIM FOR RELIEF
(Defamation)

36. Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

37. Defendants made good on their threats to falsely accuse Plaintiff. Along with filing the threatened lawsuit, they made false and injurious statements to the press. Plaintiff brings this defamation action with respect to statements not protected by the litigation privilege, including the false media statements. Bleicher (individually and on behalf of Flava Works) willfully and without justification or privilege, published to third persons statements disparaging and defaming Plaintiff. For example, Bleicher (individually and on behalf of Flava Works) falsely represented to news outlets that Plaintiff was and is a pirate of Defendants' copyrighted videos, and that Defendants had proof positive of this "from matching emails, IP, logs and usernames."

38. These statements were published by Defendants as facts about Plaintiff.

39. Upon information and belief, when Defendants wrongfully committed defamation as to Plaintiff, they knew of their statements' falsity or acted in reckless disregard of whether their statements were false and defamatory.

40. Upon information and belief, Defendants published their false statements with oppression and malice.

41. As a direct and proximate result of Defendants' defamation, Plaintiff has been damaged, the exact amount to be proven at trial.

42. Upon information and belief, Defendants' defamation was oppressive, fraudulent and malicious, entitling Plaintiff to punitive damages in excess of its compensatory damages, the exact amount to be proven at trial.

43. Upon information and belief, Defendants threaten and propose to perform further acts of defamation; and unless Defendants are restrained by appropriate injunctive relief, Plaintiff will continue to suffer irreparable harm for which there is no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress)

44. Plaintiff incorporates the allegations of each foregoing paragraph as though fully set forth herein.

45. Defendants' conduct, as described above, was outrageous.

46. Defendants, in taking the actions described above, intended to cause Plaintiff severe emotional distress. As a direct and proximate result of Defendants intentional actions, Plaintiff did suffer severe emotional distress.

**PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For a judicial declaration that Plaintiff has not infringed Defendants' copyrights, as alleged by Defendants;
2. That Plaintiff be awarded all damages, including future damages, that he has sustained, or will sustain, as a consequence of the acts complained of herein, subject to proof at trial;
3. That Plaintiff be awarded pre-judgment interest;
4. For appropriate injunctive and equitable relief;

5. That Plaintiff be awarded exemplary and punitive damages;

6. That Plaintiff be awarded attorneys' fees as may be appropriate; and

7. For further relief, as the Court may deem just.

DATED: August 17, 2017          GERAGOS & GERGAGOS, APC

By: ____/s/_____
BEN J. MEISELAS
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff Marc Juris hereby demands a jury trial.

DATED: August 17, 2017     GERAGOS & GERGAGOS, APC

By: \_\_\_\_\_/s/_____
BEN J. MEISELAS
Attorneys for Plaintiff